UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO R. B.,<br><br>   Plaintiff,<br><br>   v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>   Defendant. | No. EDCV 20-1109 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

  Plaintiff[1] filed this action on May 29, 2020. The parties filed a Joint Stipulation that addressed the disputed issues. The court has taken the matter under submission without oral argument.[2]

  Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for reconsideration of Dr. Cruz's opinions and the medical evidence.

---

 [1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

 [2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 8, 9.)

# I.

# PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits on July 5, 2016, and alleged an onset date of March 21, 2016. Administrative Record ("AR") 16. The application was denied initially and on reconsideration. AR 16, 66, 77. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On May 15, 2019, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified. AR 30-56. On June 6, 2019, the ALJ issued a decision denying benefits. AR 10-26. On April 24, 2020, the Appeals Council denied review. AR 1-5. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

### B. The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through December 31, 2021. AR 18. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that Plaintiff had the severe impairments of right shoulder osteonecrosis; left shoulder degenerative joint disease; left knee strain; and lumbar spine degenerative disc disease. AR 18.

The ALJ found that Plaintiff had the residual functional capacity to perform medium work except that he can occasionally climb ladders, ropes or scaffolds and frequently perform all other postural activities. He can frequently reach overhead with the left upper extremity, occasionally reach overhead with the right upper extremity, and frequently push/pull bilaterally. AR 20. The ALJ concluded that Plaintiff could not perform his past relevant work. AR 24. However, there are jobs that exist in significant

---

[3] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

numbers in the national economy that Plaintiff can perform such as laundry worker, automobile detailer, and courtesy clerk. AR 25-26.

### C. Residual Functional Capacity

The residual functional capacity ("RFC") assessment measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471 (1986). The RFC is a determination of "'the most [the claimant] can still do despite [the claimant's] limitations.'" *Treichler v. Comm'r*, 775 F.3d 1090, 1097 (9th Cir. 2014) (citation omitted). The RFC assessment must be supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

"'To reject [the] uncontradicted of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence.'" "'If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.'" *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citations omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

Plaintiff underwent a consultative internal medicine evaluation on February 1, 2017.[4] AR 210-15. The lumbar spine study was normal. AR 216. Dr. Cruz reviewed records from May-July 2016. AR 211. A right shoulder MRI without contrast on May 13, 2016 revealed moderate grade bursal sided and intrasubstance partial tearing of the anteriormost fibers of the supraspinatus tendon at the footprint, within a background of tendinosis, advanced since prior examination; tendinosis of the infraspinatus and subscapularis without evidence of high-grade intrasubstance partial tearing; moderate to severe acromioclavicular joint osteonecrosis with small subacromial subdeltoid

---

[4] The year 2016 appears to be a typographical error. The attached x-ray and test results are dated February 1, 2017.

4

bursitis; and query mild bicipital tendon tenosynovitis. AR 239-40. A left shoulder MRI without contrast on July 22, 2016 revealed mild acromioclavicular joint osteoarthrosis, mild supraspinatus and infraspinatus tendinosis, and mild subacromial subdeltoid bursitis. AR 224-25.

Plaintiff's physical examination on February 1, 2017 was within normal limits except that his right shoulder was tender with range of motion, and straight leg tests were positive. Plaintiff had a normal gait with 5/5 strength in all extremities and good tone bilaterally. AR 213-14. Dr. Cruz diagnosed chronic low back pain and chronic right shoulder pain with partial tear and degenerative joint disease. AR 214. The functional limitations assessed by Dr. Cruz were (1) frequent pushing, pulling and overhead reaching because of the right shoulder condition; and (2) avoidance of frequent bending, stooping and heavy lifting due to his back condition. AR 215.

The ALJ gave Dr. Cruz's opinions substantial weight but rejected the functional limitations that precluded frequent bending, stooping and heavy lifting due to Plaintiff's back condition. The ALJ reasoned that imaging of Plaintiff's lumbar spine showed normal and mild results, and treatment records showed normal range of motion. AR 23.

The ALJ's reasons for rejecting Dr. Cruz's functional limitations are not supported by substantial evidence. Dr. Cruz's opinions are consistent with subsequent treating records. At Kaiser on January 29, 2018, Plaintiff reported moderately severe low back pain, mostly left-sided, aggravated by movement, bending and twisting. Plaintiff also complained of moderately severe right shoulder pain. AR 345. On examination, Plaintiff had tenderness to palpation at the low back. Straight leg raise was positive bilaterally at 45 degrees. Motor strength was 5/5. Plaintiff had marked limitation of movement in the right shoulder due to pain. AR 346. Plaintiff was told to avoid heavy lifting, limit twisting and turning, and avoid other activities that aggravate the pain. AR 347. Plaintiff had been treated in 2017 with trigger injections in the lumbar paraspinal muscles that support the back. AR 244, 267, 271. Even accepting that Plaintiff's lumbar spine imaging is normal or mild, the ALJ does not explain why he rejects the

reliance of the examining and treating physicians on Plaintiff's shoulder imaging and lumbar paraspinal muscular issues to limit Plaintiff's ability to perform heavy lifting, bending, and stooping.

The Commissioner argues that any error would be harmless because Dr. Cruz's postural limitations would not preclude the laundry worker job identified by the ALJ. The state agency review physician, however, may have interpreted Dr. Cruz's opinions as limiting Plaintiff to light work. AR 69, 71. By contrast, the representative jobs identified in the ALJ's decision are all categorized as medium work. AR 25. Therefore, the matter will be remanded for reconsideration of Dr. Cruz's opinions and the medical evidence.[5]

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for reconsideration of Dr. Cruz's opinions and the medical evidence.

DATED: June 17, 2021

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[5] Plaintiff also argues that the ALJ improperly discounted his subjective allegations. The ALJ relied in part on the absence of medical evidence supporting the severity of Plaintiff's' allegations. AR 21. Because the court remands this matter for reconsideration of Dr. Cruz's opinions, the Commissioner is free on remand to reconsider Plaintiff's subjective allegations.

6